# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**TERRELL SUGGS (#457710)**                          **CIVIL ACTION**

**VERSUS**

**SERGEANT LANDRY, ET AL.**                          **NO. 12-0014-JJB**

## RULING

This matter comes before the Court on the defendants' Motions for Summary Judgment, rec.doc.nos. 16 and 20. Whereas the plaintiff has filed an opposition in response to the former motion, he has not filed an opposition in response to the latter.

The pro se plaintiff, an inmate confined at the Dixon Correctional Institute ("DCI"), Jackson, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Sgt. David Landry, Sgt. Jessie Whitstine, and the Louisiana Department of Public Safety and Corrections ("DOC"), complaining that the defendants violated his constitutional rights on January 12, 2011, by subjecting him to excessive force on that date.[1]

In their first motion for summary judgment, the defendants contend that the plaintiff's Complaint should be dismissed as frivolous and legally "malicious" because it is duplicative of a prior similar Complaint filed by the plaintiff which is pending in the Twentieth Judicial District Court for the Parish of East Feliciana, State of Louisiana, in the matter entitled <u>Terrell Suggs v. Sgt. Landry, et al</u>, No. 42575-A. Whereas the defendants' motion appears to have merit in this regard, <u>see</u> <u>McBride v. Powers</u>, 364 Fed.Appx. 867 (5th Cir. 2010) (holding that it is appropriate to dismiss a federal lawsuit filed by an inmate plaintiff as malicious "because it duplicated a state-court lawsuit" filed previously by the inmate), and <u>Newson v. Alford</u>, 2010 WL 922942 (E.D. La., March 9, 2010)

---

[1] In his Complaint, the plaintiff identified the defendants as "Sergeant Landry" and "Sergeant Wueistein". Inasmuch as the defendants have now provided their correct names in the instant motion, the Court will consider the pleadings to be amended to reflect the correct names of the defendants.

(same), the Court will exercise its discretion and will substantively address the plaintiff's claims, which claims are discussed in the defendants' second-filed motion for summary judgment. In support of that second motion, the defendants rely upon the pleadings, a Statement of Undisputed Facts, a certified copy of the plaintiff's administrative remedy proceedings, and the affidavits of Rhonda Z. Weldon, Lt. James Norsworthy, Dr. Anthony Tarver, and defendants David Landry and Jessie Whitstine.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Celotex Corporation v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Supporting affidavits must set forth facts which would be admissible in evidence, and opposing responses must set forth specific facts showing that there is a genuine issue for trial. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. Anderson, supra. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex, supra. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. Little, supra, 37 F.3d at 1076. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. International Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257 (5th Cir. 1994), cert. denied, 502 U.S. 1059, 112 S.Ct. 936, 117 L.Ed.2d 107 (1992).

In his unsworn Complaint, the plaintiff alleges that he and a co-inmate were involved in a fight on January 10, 2011. Two days later, on January 12, 2011, the plaintiff and the co-inmate attended disciplinary board proceedings which were held in connection with that altercation. After the proceedings were over, the plaintiff and co-inmate were placed in a holding area to await a return to their respective housing assignments. While waiting, the plaintiff and co-inmate were again involved in a physical altercation, caused when the co-inmate approached the plaintiff in a threatening manner, leading the plaintiff to respond by punching the co-inmate as the co-inmate approached. Because the plaintiff did not wish to fight, however, the plaintiff did not continue punching the co-inmate but instead acted only to restrain the co-inmate, pinning the co-inmate against a wall while waiting for security officers to arrive and restore order. When defendants Landry and Whitstine thereafter arrived, however, the plaintiff asserts that these officers subjected him to excessive force, punching the plaintiff "with approximately 14-20 blows, bashing his skull, inflicting a drastic bruising/cutting of the right eye, deafness in the right side of his head, and migraine headaches." In addition, the defendants allegedly tripped and slammed the plaintiff to the floor, and Sgt. Landry proceeded to repeatedly kick the plaintiff in the face, "busting open" the plaintiff's lip and causing blood to "rain[] on the floor from his mouth." The plaintiff further asserts that the actions of the defendants were motivated in part by racial animosity because both of the defendant officers and the offending co-inmate are Caucasian whereas the plaintiff is African-American.

In countervailing response to the plaintiff's allegations, the defendants have provided competent evidence sufficient to refute the plaintiff's allegations. Specifically, the defendants have provided affidavits and excerpts from the plaintiff's medical records which reflect that on January 12, 2011, the defendants intervened to break up a physical altercation between the plaintiff and the referenced co-inmate. According to the defendants, they gave the two offenders direct verbal orders to stop fighting, and the inmates complied with this directive. The defendants attest that they then placed the two inmates in restraints and escorted them, without further incident, to

administrative segregation.  The defendants assert that, other than separating the two inmates, no force whatever was utilized against the plaintiff on the date in question and that, upon thereafter visiting the prison infirmary, the plaintiff exhibited only a small facial scrape to his right eyebrow, approximately ½ inch long, with minimal bleeding, and a small cut to his bottom lip with minimal bleeding, either or both of which could have been the result of the fight between the two inmates.  No other outward signs of injury to the plaintiff were noted.  The referenced injuries were cleaned, antibiotic ointment was applied, and no additional treatment was determined to be medically necessary.

Under the United States Constitution, force is excessive and violates the Eighth Amendment only if it is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline.  Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); Whitley v. Albers, 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986).  Further, not every malevolent action by a corrections official gives rise to a federal cause of action.  The Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that such force is not of a sort "repugnant to the conscience of mankind."  Hudson v. McMillian, supra.  While an inmate-plaintiff need not show a significant injury to prevail on a claim of excessive force, a necessary element of an excessive force claim is proof of some injury resulting from the use of such force.  Knight v. Caldwell, 970 F.2d 1430 (5th Cir. 1992), cert. denied, 507 U.S. 926, 113 S.Ct. 1298, 122 L.Ed.2d 688 (1993).  Although the United States Supreme Court has made clear that the absence of serious injury does not alone defeat an excessive force claim, the Court has further stated that "the extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation," and "may also provide some indication of the amount of force applied."  Wilkins v. Gaddy,  559 U.S. 34, 130 S.Ct. 1175, 175 L.Ed.2d 995 (2010), quoting Hudson v. McMillian, supra.  Factors to be considered in determining whether the use of force has been excessive include the extent of injury sustained,

if any, the need for the application of force, the relationship between the need for force and the amount of force utilized, the threat reasonably perceived by prison officials, and any efforts made to temper the severity of a forceful response. Hudson v. McMillian, supra.

The evidence before the Court does not support the plaintiff's claims. In the context of a motion for summary judgment, it is well-settled that a plaintiff may not rest upon mere allegations or assertions contained in his unsworn Complaint in opposing such a motion. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In order to meet his burden of proof, the party opposing a motion for summary judgment "may not sit on its hands, complacently relying" on the pleadings. Weyant v. Acceptance Insurance Co., 917 F.2d 209 (5th Cir. 1990). He must designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial or produce supporting evidence on his own behalf. Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2501, 91 L.Ed.2d 202 (1986); Phillips Oil Company v. OKC Corp., 812 F.2d 265 (5th Cir. 1987).

In the instant case, despite notice and an opportunity to appear, the plaintiff has not come forward with any opposition to the defendants' motion for summary judgment or to the sworn factual assertions contained therein. Other than the mere allegations of the plaintiff's unsworn Complaint, unsupported by affidavits or other corroborating evidence, there is nothing before the Court which tends to support his version of events. What is before the Court for consideration is competent evidence adduced by the defendants, supported by documentation and bolstered by supporting affidavits, which reflects that limited force, if any, was utilized by the defendants against the plaintiff on January 12, 2011, and that any resulting injuries suffered by the plaintiff were minimal in nature. Although the plaintiff asserts in conclusory fashion that the defendants beat and repeatedly kicked him without justification, he does not dispute or even address the evidence adduced by the defendants. Accordingly, based upon the foregoing, and upon the plaintiff's failure in this case to oppose the defendants' motion for summary judgment, failure to designate specific evidence in the

record of sufficient caliber and quantity to create a genuine issue for trial, and failure to produce supporting evidence on his own behalf, Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2501, 91 L.Ed.2d 202 (1986); Phillips Oil Company v. OKC Corp., 812 F.2d 265 (5th Cir. 1987), the Court concludes that the defendants' motion is well-taken and that, on the record before the Court, the defendants are entitled to summary judgment as a matter of law.[2]

**IT IS ORDERED** that the defendant's Motion for Summary Judgment, rec.doc.no. 20, be and it is hereby **GRANTED**, dismissing the plaintiff's claims, with prejudice, and that this action be dismissed.

**IT IS FURTHER ORDERED** that the defendants' Motion for Summary Judgment, rec.doc.no. 16, be and it is hereby **DENIED AS MOOT.**

Judgment shall entered accordingly.

Baton Rouge, Louisiana, this _____ day of February, 2013.

JAMES J. BRADY
UNITED STATES DISTRICT JUDGE

---

[2] Although the plaintiff has named the Louisiana Department of Public Safety and Corrections as a defendant herein, under the Eleventh Amendment to the United States Constitution, an unconsenting State is immune from any lawsuit brought in federal court by her citizens as well as by citizens of other states. Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for the deprivation of constitutional civil rights under color of state law. See Fitzpatrick v. Bitzer, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976); Quern v. Jordan, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); Edelman v. Jordan, supra. Thus, absent consent or waiver by the State of Louisiana, not here present, the State is immune from suit in this action. This shield of immunity extends to the DOC as an arm or agency of the State. See Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312 (5th Cir. 1999). Accordingly, the plaintiff's claim asserted against the DOC is barred by the Eleventh Amendment and must be dismissed.